UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RANDALL LEE BOSE;
NANCY BOSE;
DARLENE DEARY;
MELINDA D. COLON;
VELMA D. COLON;
ESTATE OF ISABELLE D. BARTLING, BY
ADMINISTRATOR KAREN S. CAPPARELLI;

Plaintiff(s),
-against-

**COUNTY OF DUTCHESS;,**

Defendant(s).

**COMPLAINT**
Index No.:

---

Plaintiff(s), by and through their attorneys, David M. Giglio & Associates, LLC, , as and for a complaint, allege that:

## JURISDICTION AND VENUE

1. Plaintiff(s) **RANDALL BOSE AND NANCY BOSE** (hereinafter referred to as "plaintiff(s)") were or are residents of the County of **DUTCHESS,** State of New York which is located in the Federal Court for the SOUTHERN District of New York and the actions complained of herein occurred in the County of **DUTCHESS,** State of New York which is situate in the SOUTHERN District of New York.

2. Plaintiff(s) **DARLENE DEARY** (hereinafter referred to as "plaintiff(s)") were or are residents of the County of **DUTCHESS,** State of New York which is located in the Federal Court for the SOUTHERN District of New York and the actions complained of herein occurred in the County of **DUTCHESS,** State of New York which is situate in the SOUTHERN District of New York.

3. Plaintiff(s) **MELINDA D. COLON AND VELMA D. COLON** (hereinafter referred to as "plaintiff(s)") were or are residents of the County of **DUTCHESS,** State of New York which is located in the Federal Court for the SOUTHERN District of New York and the actions complained of herein occurred in the County of **DUTCHESS,** State of New York which is situate in the SOUTHERN District of New York.

4. Plaintiff(s) **ESTATE OF ISABELLE D. BARTLING, BY ADMINISTRATOR KAREN S. CAPPARELLI** (hereinafter referred to as "plaintiff(s)") is a legal entity situate in the County of **WESTCHESTER,** State of New York which is located in the Federal Court for the SOUTHERN District of New York and the actions complained of herein occurred in the County of **DUTCHESS,** State of New York which is situate in the SOUTHERN District of New York.

5. Venue is proper in the SOUTHERN District of New York since all of the transactions giving rise to the claim occurred within the SOUTHERN District.

6. The plaintiff(s) assert subject matter jurisdiction since these claims are brought pursuant to the United States Constitution 5th, 8th and 14th Amendments as well as 18 USC section 1983.

### GENERAL ALLEGATIONS

7. Upon information and belief, plaintiff **RANDALL BOSE AND NANCY BOSE** owned a property known by 75 DEER POND ROAD in the Town of Unionvale, County of DUTCHESS which was sold at a DUTCHESS County tax auction for a sum of $186,000.00 (One Hundred Eighty Six Thousand Dollars) on or about April 27, 2022.

8. Upon information and belief, at the time of the tax auction **RANDALL BOSE AND NANCY BOSE** owed local property taxes and penalties in an amount of approximately $30,000.00 (Thirty Thousand Dollars) for the property known as 75 DEER POND ROAD at the time of the tax auction.

9. Upon information and belief, plaintiff **DARLENE DEARY** owned a property known as 21 Huyler Drive situate in the Town of Hyde Park of DUTCHESS which was sold at a DUTCHESS County tax auction for a sum of $444,000.00 (Four Hundred Forty Four Thousand Dollars) on or about April 27, 2022.

10. Upon information and belief, at the time of the tax auction **DARLENE DEARY** owed local property taxes and penalties in an amount of approximately $75,000.00 (Seventy Five Thousand Dollars) for the property known as 21 Huyler Drive at the time of the tax auction.

11. Upon information and belief, plaintiff **MELINDA D. COLON AND VELMA D. COLON** owned a property known by 6 LAFKO DRIVE in the Town of POUGHKEEPSIE, County of DUTCHESS which was sold at a DUTCHESS County tax auction for a sum of $212,000.00 (Two Hundred Twleve Thousand Dollars) on or about April 27, 2022.

12. Upon information and belief, at the time of the tax auction **MELINDA D. COLON AND VELMA D. COLON** owed local property taxes and penalties in an amount of approximately $30,000.00 (Thirty Thousand Dollars) for the property known as 6 LAFKO DRIVCE at the time of the tax auction.

13. Upon information and belief, plaintiff **ESTATE OF ISABELLE D. BARTLING** owned a property known by 170 WHITE POND ROAD in the Town of EAST FISHKILL, County of DUTCHESS which was sold at a DUTCHESS County tax auction for a sum of $69,000.00 (SIXTY NINE Thousand Dollars) on or about May 24, 2022.

3

14. Upon information and belief, at the time of the tax auction **ESTATE OF ISABELLE D. BARTLING** owed local property taxes and penalties in an amount of approximately $14,783.00 (Fourteen Thousand Seven Hundred Eighty Three Dollars) for the property known as 170 WHITE POND ROAD at the time of the tax auction.

## COUNT I

## TAKING OF PRIVATE PROPERTY WITHOUT A VALID PUBLIC USE IN VIOLATION OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION

15. Plaintiffs repeat and reallege each of the allegations contained in this complaint.

16. Defendants have violated the United States Constitution by taking private property from the plaintiff(s) without a valid public use when it seized the surplus from the tax sales pertaining to plaintiff(s) former properties.

17. The United States Constitution precludes the government of arbitrarily taking private property and keeping the equity thereof.

18. The United States Constitution Fifth Amendment dictates that private property may not be taken "for public use" without just compensation.

19. Valid public use occurs when the property is taken to satisfy the tax burden associated with the property. Where the excess equity is also seized, there is no longer valid public use within the meaning of the Fifth Amendment to the US Constitution.

20. The United States Constitution Fourteenth Amendment prohibits the states from violating the plaintiff(s) Fifth Amendment rights.

21. 42 USC 1983 directs the defendants to comply with the mandates of the Fifth and Fourteenth amendments of the United States Constitution by paying to the plaintiff **RANDALL BOSE AND NANCY BOSE** just compensation, or the equity from the tax auctions.

22. 42 USC 1983 directs the defendants to comply with the mandates of the Fifth and Fourteenth amendments of the United States Constitution by paying to the plaintiff **DARLENE DEARY** just compensation, or the equity from the tax auctions.

23. 42 USC 1983 directs the defendants to comply with the mandates of the Fifth and Fourteenth amendments of the United States Constitution by paying to the plaintiff **MELINDA D. COLON AND VELMA D. COLON** just compensation, or the equity from the tax auctions.

24. 42 USC 1983 directs the defendants to comply with the mandates of the Fifth and Fourteenth amendments of the United States Constitution by paying to the plaintiff **ESTATE OF ISABELLE D. BARTLING** just compensation, or the equity from the tax auctions.

## COUNT II

### TAKING OF PRIVATE PROPERTY WITHOUT JUST COMPENSATION IN VIOLATION OF THE UNITED STATES CONSTITUTION

25. Plaintiffs repeat and reallege each of the allegations contained in this complaint.

26. Defendants have violated the Fifth Amendment to the United States Constitution by taking private property from the plaintiff(s) without just compensation.

27. The United States Constitution precludes the government of arbitrarily taking private property and keeping the equity thereof.

28. The United States Constitution Fifth Amendment dictates that private property may not be taken without 'just compensation.'

29. Just compensation allows the government to retain the monies from the tax auction to satisfy the plaintiffs property tax debts, but does not allow the government to seize any surplus funds from the tax auction.

30. The amount of the tax auction for 75 DEER POND ROAD was greater than the amount **RANDALL BOSE AND NANCY BOSE** owed in taxes and associated costs to the local government.

31. The amount of the tax auction for 21 Huyler Drive was greater than the amount **DARLENE DEARY** owed in taxes and associated costs to the local government.

32. The amount of the tax auction for 6 LAFKO DRIVE was greater than the amount **MELINDA D. COLON AND VELMA D. COLON** owed in taxes and associated costs to the local government.

33. The amount of the tax auction for 170 WHITE POND ROAD was greater than the amount **ESTATE OF ISABELLE D. BARTLING** owed in taxes and associated costs to the local government.

34. The United States Constitution Fourteenth Amendment prohibits the states from violating the plaintiff(s) Fifth Amendment rights.

35. 42 USC 1983 prevents any person acting under the color of law from depriving any citizen of the United States their constitutional rights as guaranteed under the United States Constitution.

36. 42 USC 1983 thence directs the defendants to comply with the mandates of the Fifth and Fourteenth amendments of the United States Constitution by paying to the plaintiff(s) just compensation, or the equity from the tax auction.

37. Plaintiff(s) **RANDALL BOSE AND NANCY BOSE** has been injured and damaged by the defendants violation of his Fifth Amendment rights when it seized his equity in properties known as 75 DEER POND ROAD and failed to pay just compensation for the same.

38. Plaintiff(s) **DARLENE DEARY** has been injured and damaged by the defendants violation of his Fifth Amendment rights when it seized his equity in properties known as 21 Huyler Drive and failed to pay just compensation for the same.

39. Plaintiff(s) **MELINDA D. COLON AND VELMA D. COLON** has been injured and damaged by the defendants violation of his Fifth Amendment rights when it seized his equity in properties known as 6 LAFKO DRIVE and failed to pay just compensation for the same.

40. Plaintiff(s) **ESTATE OF ISABELLE D. BARTLING** has been injured and damaged by the defendants violation of his Fifth Amendment rights when it seized his equity in properties known as 170 WHITE POND ROAD and failed to pay just compensation for the same.

## COUNT III

## DEFENDANTS ARE IN VIOLATION OF THE PLAINTIFF'S RIGHTS UNDER THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION

41.     Plaintiffs repeat and reallege each of the allegations contained in this complaint.

42.     United States Constitution Eighth Amendment provides that excessive fines shall not be imposed upon private citizens.

43.     The defendants have confiscated the entire equity within each of the plaintiff(s) real property.

44.     The defendants are entitled to seize plaintiff(s) property and sell the same to satisfy tax debts of the plaintiff(s).

45.     The defendants are not entitled to keep any excess equity after having satisfied the tax debts and associated charges.

46.     By confiscating the entire equity in the Plaintiff(s) real property the defendants Defendants have effectively imposed excessive fines upon the plaintiffs in violation of the the Eighth Amendment to the United States Constitution.

47.     By reason of the defendants violation of the plaintiffs rights under the United States Constitution Eighth Amendment, the plaintiff, **RANDALL BOSE AND NANCY BOSE,** has been damaged and is entitled to relief as a result.

48.     By reason of the defendants violation of the plaintiffs rights under the United States Constitution Eighth Amendment, the plaintiff, **DARLENE DEARY**, has been damaged and is entitled to relief as a result.

49. By reason of the defendants violation of the plaintiffs rights under the United States Constitution Eighth Amendment, the plaintiff, **MELINDA D. COLON AND VELMA D. COLON**, has been damaged and is entitled to relief as a result.

50. By reason of the defendants violation of the plaintiffs rights under the United States Constitution Eighth Amendment, the plaintiff, **ESTATE OF ISABELLE D. BARTLING**, has been damaged and is entitled to relief as a result.

## COUNT IV

## DEFENDANTS HAVE BEEN UNJUSTLY ENRICHED BY THE SEIZURE OF PLAINTIFFS EQUITY IN THEIR REAL PROPERTY

51. Plaintiffs repeat and reallege each of the allegations contained in this complaint.

52. The defendants seized plaintiff(s) property in order to satisfy the plaintiff(s) tax debts on said property.

53. The defendants sold each of the plaintiffs property in an amount above and beyond the amount that the plaintiff owed the defendants for property tax debts and associated costs.

54. The defendants have known that the auctions amounts from said tax auctions exceeded the plaintiff(s) obligations to the defendants.

55. In spite of knowledge that there were surplus funds from said tax auctions, the defendants have confiscated the same, to the detriment of the plaintiffs, and have been unjustly enriched.

56. It is inequitable for the defendants to retain the equity from each property where the auctions price exceeded the plaintiff(s) tax obligations.

57. The plaintiffs have no remedy at law except as asserted in this complaint.

58. The plaintiff, **RANDALL BOSE AND NANCY BOSE**, has been damaged by unjust enrichment of the defendants actions in the confiscation of the equity in his real property at 75 DEER POND ROAD and is entitled to relief as a result.

59. The plaintiff, **DARLENE DEARY**, has been damaged by unjust enrichment of the defendants actions in the confiscation of the equity in his real property at 21 Huyler Drive and is entitled to relief as a result.

60. The plaintiff, **MELINDA D. COLON AND VELMA D. COLON**, has been damaged by unjust enrichment of the defendants actions in the confiscation of the equity in his real property at 6 LAFKO DRIVE and is entitled to relief as a result.

61. The plaintiff, **ESTATE OF ISABELLE D. BARTLING**, has been damaged by unjust enrichment of the defendants actions in the confiscation of the equity in his real property at 170 WHITE POND ROAD and is entitled to relief as a result.

## COUNT V

### DEFENDANTS ARE IN VIOLATION OF SUBSTANTIVE DUE PROCESS UNDER THE UNITED STATES CONSTITUTION

62. Plaintiffs repeat and reallege each of the allegations contained in this complaint.

63. The United States Constitution Fifth Amendment provides that property shall not be taken without due process of law.

64. The defendants have retained the equity, or surplus proceeds, from tax auctions regarding each of the plaintiffs property.

65. The defendants have failed to provide a statutory or an administrative process for the plaintiffs to reclaim their equity in their respective properties.

66. The defendants have not offered to return the equity to the plaintiffs after seizing their properties to satisfy plaintiffs tax obligations.

67. In fact, the defendants are refusing to return the surplus proceeds to the plaintiffs in spite of plaintiffs demands for the return of the same.

68. The excess seizure is not rationally related to objective sought to be achieved, namely, the collection of delinquent taxes.

69. The cause of action is for violation of the United States Constitution is brought under the United States Constitution Fifth and Fourteenth Amendments.

70. By defendants actions in confiscating the entire equity in the Plaintiff, **RANDALL BOSE AND NANCY BOSE** real property at 75 DEER POND ROAD and not returning the equity to the plaintiff; in not providing the plaintiff with a statutory or administrative procedure in which to recover the equity; and in refusing in all respects to return to the plaintiff his equity in his real property, the plaintiff, **RANDALL BOSE AND NANCY BOSE**, has suffered damages and is entitled to relief.

71. By defendants actions in confiscating the entire equity in the Plaintiff, **DARLENE DEARY** real property at 21 Huyler Drive, and not returning the equity to the plaintiff; in not providing the plaintiff with a statutory or administrative procedure in which to recover the equity; and in refusing in all respects to return to the plaintiff his equity in his real property, the plaintiff, **DARLENE DEARY**, has suffered damages and is entitled to relief.

72.     By defendants actions in confiscating the entire equity in the Plaintiff, **MELINDA D. COLON AND VELMA D. COLON** real property at 6 LAFKO DRIVE  and not returning the equity to the plaintiff;  in not providing the plaintiff with a statutory or administrative procedure in which to recover the equity;   and in refusing in all respects to return to the plaintiff his equity in his real property, the plaintiff, **MELINDA D. COLON AND VELMA D. COLON**, has suffered damages and is entitled to relief.

73.     By defendants actions in confiscating the entire equity in the Plaintiff, **ESTATE OF ISABELLE D. BARTLING**  real property at 170 WHITE POND ROAD  and not returning the equity to the plaintiff;  in not providing the plaintiff with a statutory or administrative procedure in which to recover the equity;   and in refusing in all respects to return to the plaintiff his equity in his real property, the plaintiff, **ESTATE OF ISABELLE D. BARTLING** , has suffered damages and is entitled to relief.

**WHEREFORE,** plaintiff, **RANDALL BOSE AND NANCY BOSE**, demands judgment against the defendant(s) in an amount to be determined upon the trial of this action together with interest and the costs and disbursements of this action and such other and further relief as to the Court seems just and proper.

**WHEREFORE,** plaintiff, **DARLENE DEARY**, demands judgment against the defendant(s) in an amount to be determined upon the trial of this action together with interest and the costs and disbursements of this action and such other and further relief as to the Court seems just and proper.

**WHEREFORE,** plaintiff, **MELINDA D. COLON AND VELMA D. COLON**, demands judgment against the defendant(s) in an amount to be determined upon the trial of this action

together with interest and the costs and disbursements of this action and such other and further relief as to the Court seems just and proper.

**WHEREFORE,** plaintiff, **ESTATE OF ISABELLE D. BARTLING** , demands judgment against the defendant(s) in an amount to be determined upon the trial of this action together with interest and the costs and disbursements of this action and such other and further relief as to the Court seems just and proper.

DATED Feb 21 2024          DAVID M. GIGLIO & ASSOCIATES, LLC

By: _____
David M. Giglio & Associates, LLC
David M. Giglio
Attorneys for plaintiff(s)
13 Hopper Street
Utica, NY 13501
Tel. (315) 797-2854